The presumption is that the recitals in the judgment are true. 12 Tex.Jur., p. 731, § 363; Ex parte Sparks, 90 Tex.Cr.R. 190, 234 S.W. 393.

 Relator's sworn petition is insufficient to overcome the presumption mentioned. Branch's Ann.Tex.P.C., § 237; Ex parte Bowers, 131 Tex.Cr.R. 273, 98 S.W. 2d 191.

 If facts exist which sustain relator's attack on the judgment, these should be established in a forum having jurisdiction, opportunity and facilities to determine fact questions. This court has repeatedly refused to resolve itself into a fact-finding body when the relief sought can be had in some other forum.

The application for permission to file the petition for the writ of habeas corpus is denied without prejudice.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### SCHOOLEY v. STATE.
#### No. 22314.

Court of Criminal Appeals of Texas.

Nov. 11, 1942.

F. H. Hammond and Ben L. King, both of Burnet, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant was convicted for the offense of driving an automobile upon a public highway while intoxicated, and his punishment was assessed at a fine of $50.

The appellant has filed a written application, duly verified by his affidavit, requesting the privilege of withdrawing his appeal. The request is granted and the appeal is ordered dismissed.